948

UNITED STATES of America,
Plaintiff—Appellee,

v.

Maave MAAVE Jr., Defendant—
Appellant.

No. 01–10154.

D.C. No. CR–00–00174–DAE.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 16, 2002 *.

Decided Jan. 22, 2002.

Before GOODWIN, NOONAN and
TROTT, Circuit Judges.

MEMORANDUM **

Maave Maave Jr., appeals his conviction and sentence, claiming that he was denied assistance of counsel when he pled guilty to possession with intent to distribute 124 milligrams of crack cocaine in a public park. We dismiss the appeal without prejudice to his timely filing a claim for post conviction relief based on his claim that he was denied effective assistance of counsel. See 28 U.S.C. § 2255.

He claims on appeal that he would not have pled guilty had he known that the federal sentencing guidelines, when applied to one with his criminal history, would result in a 15 year sentence for possessing a quantity of contraband smaller than an aspirin tablet. The record reveals only that he pled guilty after his lawyer told him his sentence would be somewhere between 18 and 35 months.

The record does not reveal whether his court appointed attorney asked about, or otherwise learned, before his client pled guilty, that he had two prior felony convictions. Under the guidelines, those convictions, in hindsight, make the advice of counsel grossly erroneous, and raise questions about counsel's performance.

Appellant did not move in the district court to withdraw his guilty plea, and now argues that this failure was also the product of his counsel's incompetence. He also claims that the district court committed plain error in not raising the question of withdrawing the plea on its own motion. These claims on their face reveal problems relating to his effective assistance claim that cannot be resolved on the bare record of his plea before a magistrate and his district court sentencing hearing.

He claims that he learned for the first time, from the presentence report, the consequences of his prior convictions. Appellant did express to the sentencing court his dismay at learning the consequences of his prior record. At that point, however, he made no motion to withdraw his guilty plea. In the absence of such a motion, no sentencing error is revealed by the record before us. We express no opinion on the merits of any subsequent claim that the appellant may wish to pursue.

The appeal is dismissed without prejudice to the filing of a petition under 28 U.S.C. § 2255.

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.